**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TIMOTHY TIDWELL,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:14-cv-02722-WSD-AJB** |
| **v.** | : | |
| | : | |
| **ROANE FAMILY PARTNERSHIP, LP,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**NON-FINAL REPORT AND RECOMMENDATION**

Presently before the Court is Defendant's motion to dismiss the matter for failure to effect service of process. [Doc. 9]. For the reasons set forth below, the undersigned **RECOMMENDS** to the District Judge that he **DENY** the motion.

## I.    Background

Plaintiff Timothy Tidwell initiated this suit on August 21, 2014. [Doc. 1]. On January 8, 2015, the Court entered an Order directing Plaintiff to show cause why his case should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service upon Roane Family Partnership, LP (hereinafter,

AO 72A
(Rev.8/8
2)

"Defendant"), the only defendant remaining in the matter.[1]  [Doc. 7].  According to the Court's calculation, service had been due on December 19, 2014.  [Id. at 1].  On January 9, 2015, Plaintiff filed a return of service showing that Defendant had been served on December 22, 2014.  [Doc. 8].

On January 22, 2015, Defendant filed the motion to dismiss that is presently pending before the Court.  [Doc. 9].  It argues that the matter should be dismissed because Plaintiff did not effect service within the 120-day period set forth in Rule 4(m) or seek any extension of time within which to perfect service.  [*Id*.].

The same day, Plaintiff filed his response to the Order to show cause.  [Doc. 10].  In the response, Plaintiff states that on or about November 4, 2014, he retained Atlanta Legal Services to effect service upon Defendant's registered agent, Spencer Roane.  [Doc. 10 at 3].  He proffers an affidavit of diligence from the process server stating that he attempted service on November 13, 2014, but was told by an office manager that Roane would not be available until the next week, and that when he again attempted service on November 18, 2014, Roane was not in the office and, when contacted by telephone, he told the process server that he was out of town, that his return date was

---

[1]      The other named defendant, Fontera US, INC., was voluntarily dismissed from the case on December 24, 2014.  (*See* Dkt. Entries, Dec. 23 & 24, 2014).

2

unknown, and that it was "not in his best interest to accept the papers." [Doc. 10-1 at 2].  Plaintiff states that on December 9, 2014, Atlanta Legal Services advised his counsel that it was unable to effect service of process upon Defendant because Roane, its registered agent, would not accept service.  [Doc. 10 ¶ 8].  Plaintiff shows that he was finally able to effect service upon Defendant on December 22, 2014. [*Id.*; Doc. 10-2 at 3 (proof of service upon Angela Vera)].

Plaintiff contends that his showing demonstrates "a real effort to effectuate timely service within 120 days of filing the Complaint" and that he therefore has shown good cause as to why his complaint should not be dismissed.  [Doc. 10 ¶ 9].  He also argues that because he served Defendant on December 22, 2014, "Defendant is not prejudiced by the absence of timely service."  [*Id.*].

Defendant did not file a reply brief.  (*See* Dkt.).

**II.      *Discussion***

Rule 4(m) provides in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3

Thus, the service deadline must be extended if the plaintiff shows good cause for the failure to timely effect service. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005).  Additionally, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Id.*

### A.    Good Cause

The standard for good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the complaint.  *Steinberg v. Barclays Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2008 WL 4500395, at \*2 (S.D. Fla. Sept. 30, 2008); *Madison v. BP Oil Co.*, 928 F. Supp. 1132, 1137 (S.D. Ala. 1996).  In general, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The undersigned is not persuaded that Plaintiff has shown good cause for the failure to effect service prior to the 120-day deadline.  By his own admission, Plaintiff waited until the seventy-fifth day of the service period to even engage a process server.  [*See* Doc. 10 ¶ 6].  And although ten days remained in the service period at the time the process server reportedly notified Plaintiff's counsel of the failure to effect service of

4

process, [*see id.* ¶ 8], Plaintiff did not file a motion for extension of time to effect service, (*see* Dkt.), and it appears that he did not deliver the summons to a second process server until the day service was actually due, [*see* Doc. 10-3 at 3].  Thus, the undersigned finds that the late filing was due, at least in part, to Plaintiff's lack of diligence in effecting service of process.

### B.    *Discretionary Authority to Extend Service*

The Advisory Committee notes accompanying the 1993 amendments to Rule 4 provide some examples of circumstances that might justify an extension of time for service even in the absence of good cause:  "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P. 4(m) advisory committee's note (1993).  Here, Plaintiff has presented testimony showing that Defendant's registered agent was aware of Plaintiff's attempt to serve process upon him, that he represented to the process server that he was out of town with an unknown return date, and that he stated to the process server that it was "not in his best interest to accept the papers."  [Doc. 10-1 at 2].  The undersigned accepts this uncontroverted testimony and finds based upon the testimony that Defendant was evading service.  Additionally, the undersigned notes that Defendant has made no attempt to show that

AO 72A
(Rev.8/8
2)

it will be in any way prejudiced if the Court grants a three-day extension of time to the service period so that the service effected on December 22, 2014, will be considered timely.  (*See* Dkt.).

For these reasons, the undersigned finds that despite Plaintiff's inability to show good cause for the late service, the circumstances of this case are such that the Court is justified in exercising its discretion to extend the time for service.  Accordingly, the undersigned **RECOMMENDS** to the District Judge that he **APPROVE** Plaintiff's response to the Court's Order to show cause, [Doc. 7]; **EXTEND** the time for service of process through and including December 22, 2014; and **DENY** Defendant's motion to dismiss the complaint, [Doc. 9].[2]

---

[2]       It also bears noting that Defendant's motion to dismiss is of an extremely summary nature and itself appears to be untimely.  [*See* Doc. 9].  The motion fails to acknowledge the legal standard by which the Court is to consider it, proffer any authority showing that courts have dismissed complaints under similar circumstances, or explain the circumstances surrounding Roane's apparent evasion of Plaintiff's attempts to timely effect service.  [*See id.*].  Additionally, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the response to a complaint served on December 22, 2014, would have been due on January 12, 2015, [*see* Doc. 8], yet Defendant did not file its motion to dismiss until January 22, 2015, [Doc. 9], nor did it seek an extension of time to do so, (*see* Dkt.).  Thus, for these reasons, it appears that Defendant's motion to dismiss may also due to be denied on the grounds that Defendant failed to properly preserve its Rule 12(b)(5) defense of insufficient service of process.  *See* Fed. R. Civ. P. 12(h) (providing that a Rule 12(b)(5) may be waived by the defendant's failure to raise it "by motion under this rule"); LR 7.1A(1), NDGa (providing that motions "shall be accompanied by a memorandum of law which cites supporting

6

### III.   *Conclusion*

For the reasons set forth above, it is **RECOMMENDED** that the District Judge **APPROVE** Plaintiff's response to the Court's Order to show cause, [Doc. 7]; **EXTEND** the time for service of process through and including December 22, 2014; and **DENY** Defendant's motion to dismiss the complaint, [Doc. 9].

**IT IS SO RECOMMENDED**, this the 5th day of March, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

_____

authority").

AO 72A
(Rev.8/8
2)