IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY TIDWELL,

        Plaintiff,

v.

ROANE FAMILY PARTNERSHIP, LP,

        Defendant.

1:14-cv-02722-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Alan J. Baverman's Non-Final Report and Recommendation [11] recommending that Defendant Roane Family Partnership, LP's ("Roane") Motion to Dismiss [9] be denied, and the time for service of process be extended through and including December 22, 2014.

**I.    BACKGROUND**

On August 21, 2014, Plaintiff Timothy Tidwell ("Plaintiff") filed a one (1) count Complaint against Defendants Roane and Fontera US, Inc. ("Fontera") (collectively "Defendants"), in which he alleged that Defendants violated the Americans with Disabilities Act because they failed to ensure that the Nuevo Laredo Cantina restaurant located in Atlanta, Georgia, complied with the 2010 Standards for Accessible Design. Plaintiff also alleges that Defendants failed to

remove architectural barriers and dangerous conditions that impede his access to the restaurant.

On December 24, 2014, Defendant Fontera was voluntarily dismissed from this action. On January 8, 2015, the Magistrate Judge entered an order to show cause why this case should not be dismissed, under Rule 4(m) of the Federal Rules of Civil Procedure, for failure to serve Roane. On January 9, 2015, Plaintiff filed a return of service form showing that Roane was served with the Complaint on December 22, 2014. The 120-day deadline to effect service on Roane expired on December 9, 2014.

On January 22, 2015, Roane moved to dismiss the Complaint on the grounds that Plaintiff failed to effect service within the 120-day period required by Rule 4(m) of the Federal Rules of Civil Procedure, and failed to seek an extension of time to effect service. On the same day, Plaintiff filed a response to the Magistrate Judge's show cause order. Plaintiff stated that, on November 4, 2014, he hired Atlanta Legal Services to serve Defendant with the Complaint. In support of his response, Plaintiff submitted an affidavit from the process server stating that service on Roane's registered agent was attempted on November 13, 2014. A manager at the registered agent's office told the process server that Roane was unavailable until the following week. On November 18, 2014, the process server

again attempted to serve Roane, but the registered agent told him, on the phone, he was not there, that his return date was not known, and that it was "not in his best interest to accept the papers." [Doc. 10-1 at 2]. On December 9, 2014, the process server informed Plaintiff that it was unable to serve Roane because Roane's registered agent refused to accept service. On December 22, 2014, Plaintiff finally served Roane with the Complaint.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.     Analysis

As Roane has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. See Slay, 714 F.2d at 1095.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if the plaintiff shows good cause for failing to serve the defendant within 120 days after the complaint is filed, the Court must extend the time for service for an appropriate period. "Good cause means a valid reason for delay, such as the defendant's evading service." Coleman v. Milwaukee Bd. of School Directors, 290 F.3d 932, 934 (7th Cir. 2002) (citations omitted); see also Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (noting that Rule 4(m) grants the discretion to extend service even in the absence of good cause if the statute of limitations bars the plaintiff's claims or if the defendant is evading service or conceals a defect in attempted service).

The Magistrate Judge found that Roane evaded service because its registered agent knew that Plaintiff attempted to serve the Complaint, stated that he was out of town with an unknown return date, and refused to accept service. The Court does not find plain error in this finding. In its Motion to Dismiss, Roane did not explain why its registered agent refused to accept service, or explain the

4

circumstances of his apparent attempt to evade service. Roane does not assert that it will be prejudiced if the Court grants a three-day extension of time, so that the service effected on December 22, 2014, is deemed timely. The Court also does not find plain error in the Magistrate Judge's conclusion that Roane waived its defense of insufficient service of process because it did not move to dismiss within 21 days after being served with the Summons and Complaint. See Fed. R. Civ. P. 12(a).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Baverman's Non-Final Report and Recommendation is **ADOPTED** [11].

**IT IS FURTHER ORDERED** that Defendant Roane's Motion to Dismiss the Complaint is **DENIED** [9].

**SO ORDERED** this 11th day of May, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE